### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:14CR36 |
| | ) | |
| V. | ) | |
| | ) | |
| AMEN SHERIDAN, and | ) | ORDER |
| JULIA L. WHITESKUNK, | ) | |
| | ) | |
| Defendants. | ) | |

      This matter is before the Court on Defendant Amen Sheridan's Motion to Sever (filing 29). Amen Sheridan ("Sheridan") is charged in a two count Indictment with Defendant Julia Whiteskunk ("Whiteskunk"). Both are charged with converting funds of an Indian tribal organization in violation of 18 U.S.C. § 1163 and 2. (Filing 1.) Count I charges Defendants with converting for their own use approximately $4,000 of funds from the Omaha Tribal Housing Authority ("OTHA"). The funds were allegedly converted as down payment assistance for Defendants' purchase of a home in Walthill, Nebraska. Both Defendants resided in the home. Count II charges that Sheridan and Whiteskunk converted Certificates of Deposit belonging to the OTHA to an account in the name of the Omaha Tribe of Nebraska Pow Wow Committee, and from this account a check was issued to Sheridan.

      During the investigation of the offenses charged in the Indictment, Whiteskunk was interviewed by agents of the United States Department of Housing and Urban Development. Whiteskunk was questioned about the down payment assistance program referenced in Count I. Whiteskunk detailed her involvement in the application process and made statements regarding actions allegedly taken by Sheridan. Whiteskunk also made statements regarding the transfer of funds from the Certificates of Deposits at issue in Count II of the Indictment. Sheridan maintains that admission of Whiteskunk's statements in a joint trial would violate his rights to due process and to confront witnesses under the Fifth and Sixth Amendments to the United States Constitution.

      Under Federal Rule of Criminal Procedure 8(b), and indictment may charge two or

more defendants "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8. However, Rule 14 of the Federal Rules of Criminal Procedure provides that "[i]f the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a).

Sheridan argues that a joint trial would violate his Sixth Amendment rights based on his inability to confront or cross-examine Whiteskunk. In *Bruton v. United States*, 391 U.S. 123 (1968), the United States Supreme Court held that a co-defendant's statement that facially incriminates a defendant violates the Confrontation Clause despite cautionary instructions. The Confrontation Clause is not violated, however, "by the admission of a nontestifying codefendant's confession with a proper limiting instruction when . . . the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence." *Richardson v. Marsh*, 481 U.S. 200, 211 (1987). Still, "notwithstanding a limiting instruction, a statement violates *Bruton* if redaction is so obvious that through ordinary inferences, it leads the jury to the defendant." *U.S. v. Schwening*, No. 8:05CR282, 2006 WL 1559668, *5 (D. Neb. June 5, 2006) (citing *Gray v. Maryland*, 523 U.S. 185, 194 (1998)).

The Court finds that the content of Whiteskunk's statements, as well as the facts and circumstances of this case, do not allow for Whiteskunk's statements to be redacted so as to not obviously implicate Sheridan. This action involves, in part, the alleged conversion of funds in connection with Defendants' purported joint purchase of a home. Both Defendants resided in the home. In this case, "the context is one in which the risk is too great that the jury will not or cannot follow the cautionary instruction to consider the statement solely against the declarant." *United States v. Sandstrom*, 594 F.3d 634, 648 (8th Cir. 2010) (quotation and citation omitted). Therefore, if the government wishes to use Whiteskunk's statements, Sheridan's Motion to Sever must be granted. However, if the government elects not to use this evidence, Defendants may remain joined for trial.

Accordingly,

**IT IS ORDERED:**

1. Unless the government elects, in writing, on or before June 12, 2014, not to use Whiteskunk's statements, Defendant Sheridan's Motion to Sever (filing 29) is granted.

2. A party may object to a magistrate judge's order by filing a "Statement of Objections to Magistrate Judge's Order" within 14 days after being served with the order in accordance with NECrimR 59.2.

**DATED May 22, 2014.**

        **BY THE COURT:**

        **S/ F.A. Gossett**
        **United States Magistrate Judge**